**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4371**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

JONATHAN PAUL JOHNSON, a/k/a Hardtime,

> Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, Senior District Judge. (3:04-cr-00545-MBS-1)

Submitted: January 27, 2016          Decided: February 2, 2016

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Jimmie Ewing, Stacey Denise Haynes, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Paul Johnson appeals the district court's judgment revoking his supervised release and sentencing him to 30 months' imprisonment. Johnson argues that the district court erred by finding him guilty of second-degree assault and battery, a Grade B violation, rather than third-degree assault and battery, a Grade C violation.

"We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion," and its "factual findings underlying a revocation for clear error." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). "'[I]f the district court's account of the evidence is plausible in light of the record viewed in its entirety,' we will not reverse the district court's finding simply because . . . we would have decided the fact differently." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985)).

In order to find that Johnson committed second-degree assault and battery rather than third-degree assault and

battery, the district court was required to find that "moderate bodily injury to another person result[ed] or . . . could have resulted" from the battery. S.C. Code Ann. § 16-3-600(D)(1)(a) (2014). At the time of the offense, the statute defined "moderate bodily injury" as

> physical injury requiring treatment to an organ system of the body other than the skin, muscles, and connective tissues of the body, except when there is penetration of the skin, muscles, and connective tissues that require surgical repair of a complex nature or when treatment of the injuries requires the use of regional or general anesthesia.

§ 16-3-600(A)(2). Having reviewed the record, we find that the district court's conclusion that such injury could have resulted from Johnson's actions is plausible. Although the object that Johnson admitted using in the assault was not unusually dangerous, the district court found the force and duration of the assault severe enough to create a real danger of moderate bodily injury, and the record contains sufficient evidence to support this conclusion.

We therefore affirm the district court's judgment. We deny as moot Johnson's motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3